**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSUE ALVARADO, on behalf of himself and all other persons similarly situated, known and unknown,** | ) | **Case No.** |
| **Plaintiff,** | ) | **Judge** |
| **v.** | ) | |
| **INTERNATIONAL LASER PRODUCTS, INC. and INTERNATIONAL TONER CORP.** | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiff Josue Alvarado ("Plaintiff"), through his attorneys, on behalf of himself and all other persons similarly-situated, known and unknown, for his Complaint against International Laser Products, Inc. ("ILP") and International Toner Corp. ("ITC") (hereinafter "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly-situated persons.

2. During one or more individual work weeks during the prior three years, Plaintiff and other similarly-situated hourly employees worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

3. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

4. Plaintiff also brings a Biometric Information Privacy Act claim as a class action pursuant to Fed. R. Civ. P. 23.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's IMWL claim and the state law class claim pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

8. Plaintiff resides in and is domiciled in this judicial district.

9. Defendant ILP is an Illinois corporation. Defendant ILP is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

10. Defendant ILP is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

11. During the last three years, Defendant ILP's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

12. During the course of his employment with Defendant ILP Plaintiff handled goods that moved in interstate commerce.

13. Defendant ILP was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

14. Defendant ILP was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

15. Plaintiff was Defendant ILP's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

16. Plaintiff was Defendant ILP's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

17. Defendant ITC is an Illinois corporation. Defendant ITC is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

18. Defendant ITC is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

19. During the last three years, Defendant ITC's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

20. During the course of his employment with Defendant ITC, Plaintiff handled goods that moved in interstate commerce.

21. Defendant ITC was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

22. Defendant ITC was Plaintiff's "employer" as defined by the IMWL 820 ILCS 105/3(c).

23. Plaintiff was Defendant ITC's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

24. Plaintiff was Defendant ITC's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

25. Each Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

**BACKGROUND FACTS**

26. ITC is a Standardized Test Methods Committee certified manufacturer, distributor, and recycler of toner cartridges and related imaging supplies. https://www.linkedin.com/company/international-toner/

27. ITC is located at 1081 Johnson Drive, Buffalo Grove, IL 60089.

28. ILP is a contract re-manufacturer and global distributor of laser, fax and copier cartridges, exclusively for resale. http://intllaser.com/

29. ILP is located at 1081 Johnson Drive, Buffalo Grove, IL 60089.

30. ILP and ITC operate as a unified operation and a common enterprise, with a common business purpose.

31. Defendants ILP and ITC are joint employers of Plaintiff.

32. Defendants ILP and ITC share common ownership.

33. Defendants ILP and ITC have common management, including the same President, Craig W. Funk.

34. Defendants operate from the same physical location in Buffalo Grove, Illinois.

35. Plaintiff performed work for ILP and ITC at the same location.

36. Defendants share the same pool of employees, including Plaintiff, who perform work for both ITC and ILP in the same work weeks.

37. Defendants hold themselves out the public using a common website: http://www.intllaser.com.

38. Defendants use the same vendors and suppliers.

39. Defendants share many of the same customers.

40. From approximately February 2018 until approximately September 4, 2018,

Plaintiff worked for Defendants as an hourly employee.

41. During the last three years, Defendants employed other hourly employees. In one or more weeks during the prior three (3) years, Plaintiff worked for one or more Defendants in excess of forty (40) hours.

42. For example, Plaintiff customarily worked approximately seventy-six (76) hours per week: Monday through Friday from approximately 5:00 am to 7:00 pm and Saturdays from 5:00 am to 2:00 pm.

43. During his employment, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay when he worked more than forty (40) hours per work week.

44. In one or more weeks during the prior three (3) years, Defendants did not pay other hourly employees overtime pay at a rate of one and one-half times their regular rates of pay when they worked more than forty (40) hours per work week.

45. Instead, Defendants split the hours that Plaintiff and other hourly employees worked for ILP and ITC in the same work week into two checks and compensated all hours worked, including hours worked over 40 in the same week at employees' straight time regular rate of pay for all time worked. See Group Ex. B.

46. Defendants' biometric timekeeping system required Plaintiff and other employees to scan their fingerprints to record when they clocked in or out of a shift.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Plaintiff on his own behalf and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

47. This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201 *et seq.*, for their failure to pay Plaintiff and other similarly-situated hourly employees overtime wages at a rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours during individual work weeks.

48. In one or more work weeks during the prior three years, Plaintiff and similarly-situated employees worked for Defendants in excess of forty (40) hours per week.

49. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours during individual work weeks.

50. In one or more work weeks during the last three (3) years, Defendants did not pay Plaintiff one and one-half times his regular rate for the time he worked over forty (40) hours in individual work weeks, and instead paid him his straight time regular rate for all time worked.

51. Pursuant to 29 U.S.C. § 207, other similarly-situated hourly employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

52. In one or more work weeks during the last three (3) years, Defendants did not pay similarly-situated hourly employees one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual workweeks, and instead paid them at their straight time regular rates for all time worked.

53. Defendants violated the FLSA by failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

54. Defendants violated the FLSA by failing to pay similarly-situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work

weeks.

55. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff and other similarly-situated employees have suffered a loss of income and other damages. They are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiff and other similarly-situated employees pray for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C. liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E. such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**(Plaintiff individually)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 55 of this Complaint, as if fully set forth herein.

56. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

57. During the prior three years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

58. For all time worked in excess of forty (40) hours in an individual work week,

Plaintiff was entitled to be paid one and one-half times his regular rate of pay.

59. Defendants did not pay Plaintiff overtime at one and one-half times his regular rate, and instead paid Plaintiff his straight time regular rate for all time worked over forty (40) hours during one or more individual work weeks.

60. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. judgment in the amount of all overtime wages to Plaintiff under the IMWL;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

D. such other and further relief as this Court deems just and proper.

**COUNT III**
**Violation of the Biometric Information Privacy Act**
**(Class Action)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 60 of this Complaint, as if fully set forth herein.

61. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

62. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private

entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

63. The Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

64. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

65. Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d). Defendants collected, stored, used, and transferred the unique biometric fingerprint identifiers of Plaintiff and others similarly situated without following the strictures of the Biometric Information Privacy Act.

66. Defendants did not provide Plaintiff any written materials about their collection, retention, destruction, use, or dissemination of Plaintiff's fingerprint.

67. Defendants never obtained Plaintiff's written consent, or release as a condition of continued employment, before collecting, storing, disseminating, or using Plaintiff's fingerprint.

68. Defendants diminished the value of Plaintiff's biometric identifiers and information

by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

69. Plaintiff seeks to represent a class that is comprised of and defined as:

> Production Laborers and other hourly paid workers employed in Illinois by Defendants who were required to scan their fingerprints in Defendants' timekeeping system.

70. Plaintiff's and the Class' fingerprints and/or scan of fingers each qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

71. Defendants have "biometric information" from Plaintiff and the Class based on their acquisition and retention of Plaintiff's and the Class' "biometric identifier[s]," as defined in the previous paragraph.

72. Plaintiff and the Class are similarly situated to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in Defendants' timekeeping system despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

73. The issues involved in this Count present common questions of law and fact, including: whether Defendants required the Class to use their fingerprints in Defendants' timekeeping system to clock in or out of shifts; whether the Class' fingerprints qualify as "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures of the Biometric Information Privacy Act.

74. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

75. Plaintiff, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

76. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

77. A class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class are entitled.

78. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

79. Plaintiff retained counsel experienced in complex class action litigation.

80. Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class' fingerprints and/or scans of fingers without first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiff's and the Class' biometric identifiers and/or biometric information.

81. Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class' fingerprints and/or scans of fingers without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiff's and the Class' biometric identifiers and/or biometric information.

82. Defendants violated the Biometric Information Privacy Act by possessing Plaintiff and the Class' fingerprints and/or scans of fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

83. Defendants violated the Biometric Information Privacy Act by, on information and belief, disclosing or otherwise disseminating Plaintiff's and the Class' fingerprints and/or scans of fingers to their timekeeping system provider without first obtaining Plaintiff's and the Class' consent for that disclosure or dissemination.

84. Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

85. As a result, Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: November 21, 2018

s/Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff