IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSUE ALVARADO, on behalf of himself and all other persons similarly situated, known and unknown, ) ) ) | Case No. 1:18-cv-07756 |
| Plaintiff, ) | Honorable Rebecca R. Pallmeyer |
| v. ) ) | |
| INTERNATIONAL LASER PRODUCTS, INC., ) INTERNATIONAL TONER CORP., and ) CRAIG FUNK, individually, ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO AUTHORIZE NOTICE**

Defendants, International Laser Products, Inc., International Toner Corp., and Craig Funk, through their attorneys, oppose the Motion, as follows:

**I.  The Motion should be denied to the extent it seeks to conditionally certify a Biometric Information Privacy Act ("BIPA") class of "All persons who worked for Defendants in Illinois since November 21, 2013, and who scanned their fingerprints in Defendants' time keeping system without first executing a written release."  [Dkt. # 44, Section III, p. 6]**

The Amended Complaint, in contrast, states "Plaintiff seeks to represent a class that is comprised of and defined as 'Production Laborers and other hourly paid workers employed in Illinois by Defendants who were required to scan their fingerprints in Defendants' timekeeping system (the "BIPA Class").'"  [Dkt. # 20, ¶ 111]  Plaintiff should not be allowed to expand the class beyond the definition in the Amended Complaint.

**II.  The Court should reject Plaintiff's proposed notice and distribution procedures.**

Should the Court grant conditional certification, the Court should reject Plaintiff's proposed notice and distribution process, which are deficient in numerous significant respects.

**A.     The notice should not state that the signed settlement documents are void.**

The Court did not rule that the settlement document is void. The notice should instead state that the Court will not enforce the settlement documents. This is what the notice states in paragraph 3.

**B.     The notice should not state that the "lawsuit seeks to recover more money than the Company offered you."**

What the lawsuit seeks and what the Company offered employees is not an apple to apple comparison and is misleading.

**C.     The notice should state that the purpose of the lawsuit is to inform the employee of a collective action lawsuit in which s/he is potentially "similarly situated."**

**D.     The notice should state that the Court has not made any determination on the merits of Plaintiff's allegations, and that there is no money available now, and no guarantee there will be.**

**E.     Plaintiff's proposed notice is deficient.**

The form of Plaintiff's proposed notice is misleading because it improperly fails to inform potential opt-ins that "they may be responsible for payment of court costs if the court ultimately deems that [Defendant] is a prevailing party in this lawsuit." *Wright v. Lehigh Valley Hosp. & Health Network*, No. 10-cv-431, 2011 WL 221770, at *7 (E.D. Pa. Jan. 20, 2011) (requiring notice to include provision about opt-ins potentially paying court costs). Yet this is a "real possibility" that opt-ins face, and the notice should apprise potential plaintiffs of the risk. *Dunkel v. Warrior Energy Servs.*, Inc., 304 F.R.D. 193, 207 (W.D. Pa. 2014).[1]

---

[1] *See also Knispel v. Chrysler*, No. 11-cv-11886, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012 (recognizing that "[s]everal courts" have found that "plaintiffs, in order to make an informed decision about whether to opt-in, should be made aware that there is a possibility that they may be liable for a defendant's costs of litigation"); *Snide v. Discount Drug Mart, Inc.,* No. 1:11-cv-0244, 2011 WL 5434016, at *6 (N.D. Ohio Oct. 7, 2011) (same); *Heaps v. Safelite Solutions, LLC,* No. 2:10-cv-729, 2011 WL 1325207, at *8 (S.D. Ohio April 5, 2011) (same).

Plaintiff's proposed notice informs prospective plaintiffs that Plaintiff's lawyers have taken the case on a contingency basis, but the notice statement is incomplete and misleading— while Plaintiff's attorneys may have agreed, as part of their contingency arrangement, not to pass *their* costs on to the opt-in plaintiffs, the notice fails to advise putative members of the collective that they could be subject to a petition for *Defendants'* costs of defending the case if Defendants ultimately prevail in this matter. *See Creten Miller v. Westlake Hardware, Inc.*, 2009 WL 2058734, at *4 (D. Kan. July 15, 2009) (modifying notice to include, "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."); *White v. Kcpar, Inc.*, No. 6:05-1317, 2006 WL 1722348, at *4 (M.D. Fla. June 20, 2006) (notice defective because it did not fully inform recipients about consequences of opting in, including potential liability for costs and expenses. An accurate account of the implications of joining the case as a plaintiff is essential to allow each individual to make an informed decision about whether to participate. Thus, should the Court order notice to issue, it should require the notice be modified to reflect the potential costs that could be assessed.

### F.  Notice should be distributed by U.S. mail only.

The Court should not permit Plaintiff to distribute the notice by email and by text because it is unwarranted and susceptible to abuse. Courts frequently have recognized that "notification by electronic mail could create risks of distortion or misleading notification through modification of the notice itself or the addition of commentary." *See, e.g. Espenscheid v. DirectSat USA, LLC*, No. 09-cv-625, 2010 WL 2330309, at *14 (W.D. Wis. June 7, 2010) (noting "the potential for recipients to modify and redistribute email messages"); *Gordon v. Kaleida Health*, No. 08-cv-378S, 2009 WL 3334784, at *11 (W.D.N.Y. Oct. 14, 2009); *Karvaly v. eBay, Inc.*, 245 F.R.D. 71,

3

91 (E.D.N.Y. 2007) (expressing concerns about distortion and misleading forwards); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) (same).

Plaintiff's proposed electronic communication could be forwarded to improper recipients, and recipients could modify the transmittal email or text message or forward the notice with commentary that could distort the court-approved message. Notice by email "heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process" because "email messages could be forwarded to nonclass members and posted to internet sites with great ease." *Vargas v. Gen. Nutrition Ctrs. Inc.*, No. 10-cv-867, 2012 WL 5336166, at *13 (W.D. Pa. Oct. 26, 2012) (quotation and citation omitted); *see also Hintergerger v. Catholic Health Sys.,* No. 08–CV–380S, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009) (rejecting email notice because first class mail is a more "reliable process which ensures that proper notice is received by the potential class members"); *Reab*, 214 F.R.D. at 631 (rejecting use of email distribution, explaining "[f]irst class mail ensures, at the outset, that the appropriately targeted audience receives the intended notification and maximizes the integrity of the notice process"). Courts regularly find first class mail to be sufficient notification. *See, e.g.*, *Vennett v. Am. Intercont'l Univ. Online*, No. 05-CV-4889, 2006 WL 908030, *3 (N.D. Ill. Apr. 5, 2006).

Notice by email and text message is particularly inappropriate where Plaintiff's counsel controls the distribution. Granting Plaintiff access to Defendants email addresses for all current employees who are potential opt-ins creates the potential for the very type of improper and unsupervised communications that the Supreme Court has warned against. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989) (noting potential for abuse in unsupervised communications between counsel and putative class members in a collective action). Plaintiff

4

simply should not be permitted to communicate with potential opt-ins without restriction and through a medium that provides an instantaneous impact and the potential for multiple communications. *See Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982) (finding certain unsupervised communications by plaintiffs' counsel with putative opt-ins improper). Plaintiff's request for email and text distribution should be denied. Should this Court deem email or text appropriate, however, Defendants request that the notice be sent to the class members' personal email accounts, which when combined with regular mail, is a sufficient means by which to contact potential opt-ins. Sending notice to Defendants' employees' work email addresses could result in a trail of communications about participation in the lawsuit on Defendants' email servers, which Defendants may be required to collect and review in the course of this litigation.

Those emails should be sent, if at all, through the employees' personal email accounts and not through Defendants' email servers dedicated to their businesses.

Plaintiff also requests that notice be posted at Defendants' offices. Posting of a notice is redundant and unnecessary. *See, e.g., Mowdy v. Beneto Bulk Transp.*, N.D. Cal. 2008) (rejecting request to post notice in addition to mailing where putative class members are drivers who may not be exposed to notice posted at terminal sites).

In sum, if the Court permits notice to issue, it should authorize notice to be sent only by First Class U.S. Mail.

### G. Defendants should not be required to disclose phone numbers and social security numbers.

Plaintiff not only seeks the names, addresses, and email addresses for putative opt-in plaintiffs, but also seek private information to which they are not entitled and which does not facilitate court-supervised notice, such as telephone numbers, social security numbers, and dates of birth. Providing such sensitive information is an intrusion of privacy and creates the potential

Case: 1:18-cv-07756 Document #: 50 Filed: 05/13/19 Page 5 of 9 PageID #:542

simply should not be permitted to communicate with potential opt-ins without restriction and through a medium that provides an instantaneous impact and the potential for multiple communications. *See Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982) (finding certain unsupervised communications by plaintiffs' counsel with putative opt-ins improper). Plaintiff's request for email and text distribution should be denied. Should this Court deem email or text appropriate, however, Defendants request that the notice be sent to the class members' personal email accounts, which when combined with regular mail, is a sufficient means by which to contact potential opt-ins. Sending notice to Defendants' employees' work email addresses could result in a trail of communications about participation in the lawsuit on Defendants' email servers, which Defendants may be required to collect and review in the course of this litigation.

Those emails should be sent, if at all, through the employees' personal email accounts and not through Defendants' email servers dedicated to their businesses.

Plaintiff also requests that notice be posted at Defendants' offices. Posting of a notice is redundant and unnecessary. *See, e.g., Mowdy v. Beneto Bulk Transp.*, N.D. Cal. 2008) (rejecting request to post notice in addition to mailing where putative class members are drivers who may not be exposed to notice posted at terminal sites).

In sum, if the Court permits notice to issue, it should authorize notice to be sent only by First Class U.S. Mail.

### G. Defendants should not be required to disclose phone numbers and social security numbers.

Plaintiff not only seeks the names, addresses, and email addresses for putative opt-in plaintiffs, but also seek private information to which they are not entitled and which does not facilitate court-supervised notice, such as telephone numbers, social security numbers, and dates of birth. Providing such sensitive information is an intrusion of privacy and creates the potential

for impermissible, unsupervised communications between Plaintiff's counsel and potential opt-in plaintiffs. Accordingly, Defendants should not be required to provide anything more than the names and last known addresses of putative class members, which is wholly consistent with the Supreme Court's directive that the Court supervise communications to potential opt-in plaintiffs. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (noting potential for abuse in unsupervised communications between counsel for named plaintiffs in FLSA collective action and putative class members).

Indeed, due to the privacy concerns, courts customarily deny requests for social security numbers. *See Blakes v. Illinois Bell Tel. Co.*, 2011 U.S. Dist. LEXIS 63225, *19 (N.D. Ill. June 15, 2011) (denying plaintiffs' request for social security numbers and only requiring provision of names and last known addresses); *Vander Vennet v. American Intercont'l Univ. Online,* 2006 U.S. Dist. LEXIS 22309 (N.D. Ill. Apr. 5, 2006) (denying plaintiffs' request for social security and telephone numbers of putative class members and noting that "providing sensitive personal data such as a social security number is not to be done lightly").

As with social security numbers, courts typically decline to require disclosure of telephone numbers at the notice stage because of privacy concerns. Such an intrusion of privacy is unwarranted and should not be permitted here. *Williams v. Cargill Meat Solutions Corp.*, 2010 WL 2643405, *18 (E.D. Wis. June 30, 2010) (refusing to require production of telephone and social security numbers); *Stickle v. SCI W. Market Support Ctr.*, 2009 U.S. Dist. LEXIS 97735 (D. Ariz. Sept. 30, 2009) ("Because notice will be accomplished via first class mail, there is no need to provide Plaintiffs with the telephone numbers of all the potential conditional class members. . . . [and] supplying the attorneys in this case with the phone numbers of thousands of Defendants' current and former employees seems like a needless intrusion into the privacy of these individuals

and their families."); *Ritzer v. UBS Fin. Servs., Inc.*, 2008 WL 4372784, *4 (D.N.J. Sept. 22, 2008) ("Unless notification via first class mail proves insufficient, social security numbers and telephone numbers should not be released."); *Campbell v. Price Waterhouse Coopers, LLP*, 2008 U.S. Dist. LEXIS 44795, *24 (E.D. Cal. June 4, 2008) (denying disclosure of telephone numbers because production would be invasion of privacy).

Not only does the production of telephone numbers implicate privacy concerns, but it also creates the potential for improper communications with potential opt-in plaintiffs. For example, Plaintiff's counsel could use the telephone numbers to make contact with opt-in plaintiffs who do not promptly return their consent forms in an attempt to encourage their participation. Such communications cannot be monitored by the Court and could result in improper solicitations. *See, e.g., Vander Vennet*, 2006 U.S. Dist. LEXIS 22309, *11 (refusing to permit discovery of telephone numbers for potential opt-in plaintiffs and explaining, "[n]or should people who appear to have no or little interest in joining the lawsuit be faced with the possibility of being contacted by telephone or having additional personal information released"). The Court should not require that Defendants provide telephone numbers, dates of birth, or social security numbers at the notice stage.

**H.     Reminder notices should not be permitted.**

Finally, Plaintiff's request for a reminder notice should be rejected. A second notice is "unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit." *Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010); *Fox v. W. Talk, L.C.*, No. 12-3726, 2013 U.S. Dist. LEXIS 153892, at *10-11 (S.D. Tex. Oct. 28, 2013).

## **CONCLUSION**

Wherefore, based on the foregoing, the Court should limit the scope of the class and should modify the notice and notice process proposed by Plaintiff as described above.

>Respectfully submitted,
>
>INTERNATIONAL LASER PRODUCTS, INC., INTERNATIONAL TONER CORP. and CRAIG FUNK
>
>
>*s/Margherita M. Albarello*
>Margherita M. Albarello
>One of their attorneys

Margherita M. Albarello, # 6187375
William H. Mazur, ARDC # 6304903
Di Monte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
Tel: (847) 698-9600
Fax: (847) 698-9623
Emails:  malbarello@dimontelaw.com
       wmazur@dimontelaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that by 5:00 p.m. on the 13th day of May, 2019, she caused to be served, via the Court's CM/ECF system, to those as listed below, a copy of **Defendants' Memorandum in Opposition to Plaintiff's Motion to Authorize Notice:**

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, IL 60602
dwerman@flsalaw.com
msalas@flsalaw.com
sarendt@flsalaw.com

Dated: May 13, 2019

                                                    *s/Margherita M. Albarello*
                                                    Margherita M. Albarello

Margherita M. Albarello, # 6187375
William H. Mazur, ARDC # 6304903
Di Monte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
Tel: (847) 698-9600
Fax: (847) 698-9623
Emails: malbarello@dimontelaw.com
             wmazur@dimontelaw.com