**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JOSUE ALVARADO, on behalf of himself and all other persons similarly situated, known and unknown,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | No. 18 C 7756 |
| **INTERNATIONAL LASER PRODUCTS, INC., INTERNATIONAL TONER CORP., and CRAIG FUNK, individually,** ) ) ) ) ) | Judge Rebecca R. Pallmeyer |
| **Defendants.** ) | |

## ORDER

Plaintiff's motion to certify class [43] is granted. Plaintiffs are directed to furnish an amended class notice, consistent with the court's rulings, within seven (7) days.

## STATEMENT

Plaintiff Josue Alvarado filed this lawsuit alleging that his employers, Defendants International Laser Products, Inc. and International Toner Corp., violated the Fair Labor Standards Act and the Minimum Wage Law by failing to pay overtime wages at the rate of one and one-half times Alvarado's straight pay rate. He seeks to represent a class of workers who were also allegedly victims of this practice.

The focus of the parties' disagreement on this issue relates to the language of the class notice. The court has reviewed the competing proposals and rules as follows:

1. Plaintiffs' proposed class notice begins with an all-caps notice that recipients are eligible to participate in the lawsuit even if they had previously signed a settlement agreement that Defendants proposed and negotiated with several workers. The language of the class notice ends with the words "THE SETTLEMENT DOCUMENT YOU SIGNED IS VOID, AND THE LAWSUIT SEEKS TO RECOVER MORE MONEY THAN THE COMPANY OFFERED YOU." Defendants object to this language; Defendants contend that the court has ruled that the agreements entered into are "not enforceable" (as stated in paragraph 3 of the Class Notice), not that they were "void." (Defendants' Memorandum in Opposition to Plaintiff's Motion to Authorize Notice [50] [hereinafter, "Defs.' Opp."] at 2.) Defendants also argue, without elaboration, that there is no "apple to apple comparison" between what the lawsuit is seeking and the relief offered employees in the proposed settlement agreement. (*Id*.) Without commenting on the merits of either of these contentions, the court directs that the final sentence of the notice be amended to read as follows: THE SETTLEMENT DOCUMENT YOU SIGNED IS NOT ENFORCEABLE, AND THE LAWSUIT SEEKS TO RECOVER COMPENSATION AS DESCRIBED IN THIS NOTICE.

2. Defendants object to Plaintiffs' definition of the class seeking relief for alleged violations of the Biometric Information Privacy Act ("BIPA"). Defendants note that the complaint

defined that class as "Production Laborers and other hourly paid workers employed in Illinois by Defendants who were required to scan their fingerprints in Defendants' timekeeping system." (Defs.' Opp. at 1; *see* First Amended Complaint [20] ¶ 111.) The proposed class notice, in contrast, defines the class as "All persons who worked for Defendants in Illinois since November 21, 2013, and who scanned their fingerprints in Defendants' timekeeping system without first executing a written release." Plaintiffs contend that the revised definition is *narrower* than the original, at least to the extent that it imposes a time limit and excludes persons (if any) who executed a release. (Plaintiffs' Reply in Support of Motion for Class Notice [52] [hereinafter, "Pltfs.' Reply"], at 2-3.) Plaintiffs have also cited caselaw holding that amendments to the class definition are acceptable so long as they do not "greatly expand" the scope of the litigation beyond what Defendants might have expected. *Compare Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018), *cert. denied*, No. 18-1127, 2019 WL 979392 (U.S. Apr. 1, 2019) (approving certification of a class narrower than the one proposed in the original complaint where defendant had fair notice) with *Supreme Auto Transport, LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 737, 741 (7th Cir. 2018) (refusing to adopt class definition that "greatly expanded the potential scope of the class"). The court has no information about how many more employees might be included in the new definition; that is, neither side has explained whether there are a number of employees other than "production laborers and other hourly paid workers" who were required to scan their fingerprints. If the class definition is in fact significantly broader than what Defendants could have anticipated when this case was initiated, the court would expect Defendants to provide that information. This objection is overruled.

3. Defendants contend that "The notice should state that the purpose of the lawsuit is to inform the employee of a collective action lawsuit in which s/he is potentially 'similarly situated.'" (Defs.' Opp. at 2.) The court disagrees that informing employees is the purpose of the lawsuit. That may be the purpose of Plaintiffs' proposed notice, but using the expression "similarly situated" is unnecessary and may be misleading. This objection, too, is overruled.

4. Defendants believe class members should be notified that "there is no money available now, and no guarantee that there will be." (Defs.' Opp. at 2.) The court believes this purpose can be served by making the following change to the notice form: In the fourth full paragraph of the proposed notice, beginning with the words "The lawsuit seeks to recover owed overtime wages for employees, plus additional damages," the notice should read, "If Plaintiffs prevail in this lawsuit, employees will be entitled to recover unpaid overtime wages, plus additional damages . . . ."

5. Defendants contend employees should be warned that they may be liable to pay costs if they do not prevail. (Defs.' Opp. at 2-3.) Plaintiffs oppose this proposal. They cite *Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 843 (N.D. Ill. 2016), in which this court expressed reluctance to chill the rights of workers to participate in a collective action by means of a warning that they could be required to sit for their depositions or even pay opposing counsel fees. (Pltfs.' Reply at 5.) This court deemed those risks too remote to require inclusion in a notice. The issue in this case is whether the possibility of an award of costs is equally remote.

Defendants have cited a handful of cases in which courts have endorsed the inclusion of a notice of this possibility: *see, e.g., Dunkel v. Warrior Energy Servs., Inc.,* 304 F.R.D. 193, 207 (W.D. Pa. 2014) (dictating inclusion of a several-sentence long disclosure of possible liability for costs); *Wright v. Lehigh Valley Hosp. & Health Network*, No. 10-cv-431, 2011 WL 221770, at *7 (E.D. Pa. Jan. 20, 2011) (requiring notice to include provision about opt-ins potentially paying court costs); *Creten-Miller v. Westlake Hardware, Inc.,* 2009 WL 2058734, at *4 (D. Kan. July 15, 2009) (modifying notice to include, "If you do not prevail on your claim, court costs and expenses

may possibly be assessed against you"); *Garcia v. Elite Labor Serv., Ltd*., No. 95 C 2341, 1996 WL 33500122, at *4 (N.D. Ill. July 11, 1996) (modifying notice to include statement that, "if you do not prevail on your claim, court costs and expenses may possibly be assessed against you"); *White v. Kcpar, Inc*., No. 6:05–cv–1317–Orl–22DAB, 2006 WL 1722348, at *4 (M.D. Fla. June 20, 2006) (finding a notice defective because it did not fully inform recipients about consequences of opting in, including potential liability for costs and expenses).

  In reaching its conclusion, the *Creten-Miller* court called such an award "clearly possible and [] not merely theoretical." None of the cases it cited for this conclusion are from this Circuit, and it is not clear that such an award has been made in a collective action here. *Creten-Miller*, 2009 WL 2058734 at *4 (citing *Johnson v. Big Lots Stores, Inc*., Nos. 04–3201, 05–6627, 2009 WL 1870862, at *9–10 (E.D. La. June 25, 2009) (awarding costs related to claims of 43 individual participants who moved to dismiss their claims); *Gomez v. Reinke*, No. CV91–299–S–LMB, 2008 WL 3200794, at *6 (D. Idaho Aug.7, 2008) (awarding costs to defendants for prevailing on merits of class action claims); *Reyes v. Tex. Expawn, L.P.,* No. V–03–128, 2007 WL 4530533, at *2 (S.D.Tex. Dec.19, 2007) (awarding costs to defendant as prevailing party). *See also Wright*, 2011 WL 221770, at *7. The court therefore remains concerned that the true purpose for inclusion of such a notice is to discourage workers from participating in the litigation. Having reviewed caselaw, however, the court concludes it is appropriate to amend the language under question 8 in the notice to provide some information "concerning the cost issue, without giving it undue emphasis." *Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745, 765 (N.D. Ill. 2011). This court directs that the second sentence of that provision be amended to read, "If you participate in this lawsuit and the employees lose, you will be bound by the outcome of this lawsuit and will not receive any money, and it is possible that a portion of the court costs would be assessed against you in that event."

  6. Defendants argue that notice of this case should be furnished solely by means of first-class mail. Communication via text message or e-mail, Defendants contend, is "unwarranted and susceptible to abuse." (Defs.' Opp. at 3.) Defendants also object to notice by way of a posting at the workplace, but Plaintiffs have not requested such a process. (Defs.' Opp. at 5; Pltfs.' Reply at 5-6 n.4.) Nor have Plaintiffs requested production of employee Social Security numbers and birthdates, so the court need not address Defendants' objection to such production. (Defs.' Opp. at 5-7; Pltfs.' Reply at 8.)

  The court agrees with Plaintiffs that e-mail and text communication is the most straightforward and effective method of communicating with the potential class members. As observed in *Calvillo v. Bull Rogers, Inc*., 267 F. Supp. 3d 1307, 1315 (D.N.M. 2017), cited by Plaintiffs, "Courts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved." To that end, the court directs production by Defendants of employee telephone numbers, and any known e-mail addresses, and authorizes one reminder notice. *See Boltinghouse*, 196 F. Supp. 3d at 844. Defendants' purported concern about potential abuse or alteration of the notice (Defs.' Opp. at 3-4) is dispatched by Plaintiffs' explanation that e-mail would include a .pdf version of the notice, and text messages will direct the recipient to website that includes the form notice. (Pltfs.' Reply at 8.) In any event, Defendants themselves should have effective means of determining whether persons who attempt to opt in are or have been employed by Defendants.

3

ENTER:

Dated: June 19, 2019

_____
REBECCA R. PALLMEYER
United States District Judge

4