# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSUE ALVARADO, on behalf of himself and all other persons similarly situated, known and unknown, ) ) ) | |
| Plaintiff, ) | Case No. 18-cv-07756 |
| v. ) | Judge Rebecca R. Pallmeyer |
| INTERNATIONAL LASER PRODUCTS, INC., INTERNATIONAL TONER CORP., and CRAIG FUNK, individually ) ) ) | |
| Defendants. ) | |

## ORDER PRELIMINARILY APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT, APPROVING FORM OF CLASS NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

WHEREAS, Plaintiff Josue Alvarado ("Named Plaintiff") has filed a motion for an order preliminarily approving the settlement of this Action[1] as stated in the Parties' Settlement Agreement For Class and Collective Action Claims ("Settlement" or "Settlement Agreement"), which, together with the exhibits attached thereto, set forth the terms and conditions for a proposed settlement of the Action;

WHEREAS, Defendants do not oppose preliminary approval of the Settlement;

WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement of the Illinois Minimum Wage Law ("IMWL") and Biometric Information Privacy Act

---

[1] Capitalized terms are used in this order as defined in the Parties' Class Action Settlement Agreement.

("BIPA") class claims as fair, reasonable, and adequate. In addition, the Settlement of the Fair Labor Standards Act ("FLSA") collective action is approved as a fair and reasonable resolution of a *bona fide* dispute in this contested litigation.

2. The Court has considered the pleadings and arguments in support of the motion for preliminary settlement approval and finds that the proposed Settlement Classes are proper and coextensive with the classes that were previously certified pursuant to Rule 23 on June 19, 2019. The Settlement Classes include:

> All hourly employees employed by Defendants in Illinois between November 21, 2015 and February 17, 2019, who were not paid overtime wages at a rate of one-and-one-half times their regular rate of pay for all time they worked over forty (40) hours in one or more individual work weeks during the IMWL Class Period. ("IMWL Class Members")
>
> All persons who worked for Defendants in Illinois between November 21, 2013 and May 20, 2018, who scanned their fingerprints in Defendants' time keeping system without first executing a written release. ("BIPA Class Members")

The IMWL Class Members and the BIPA Class Members are collectively referred to herein as "Class Members."

3. The proposed Settlement also resolves the claims of the three individuals who filed Consent to Join Forms with the Court prior to July 12, 2019. These individuals are referred to as the "Opt-in Plaintiffs."

4. The formula for allocation of Settlement Awards set forth in the Settlement Agreement, with 57.24% of the Net Settlement Amount to be disbursed as Overtime Settlement Awards to the Named Plaintiff, Opt-in Plaintiffs, and IMWL Class Members on a *pro rata* basis based on the number of pay periods each individual worked and 42.76% of the Net Settlement Amount to pay for BIPA Settlement Awards apportioned equally to the Named Plaintiff and BIPA

Class Members is approved as a fair, equitable, and reasonable measure for calculating and distributing the settlement payments to the Named Plaintiff, Class Members, and Opt-in Plaintiffs.

5. The Settlement Agreement is the result of arm's-length negotiations between experienced counsel who are familiar with class action litigation in general and with the legal and factual issues of this Action in particular.

6. Opt-in Plaintiffs and Class Members shall not be required to submit a claim form to participate in the Settlement and receive a settlement payment.

7. The Court approves, as to form and content, the Class Notice attached as Exhibit C to the Settlement Agreement, and finds that the distribution of the Class Notice as set forth in Section IV.13.b of the Settlement Agreement: (1) meets the requirements of federal law and due process; (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto.

8. The Court appoints Analytics Consulting LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement or ordered by this Court.

9. The Parties and the Settlement Administrator shall have the following pre-Class Notice deadlines. The Parties may, by mutual agreement, agree upon a reasonable extension of time for the deadlines in this paragraph, without further notice to the Court.

    a. Within seven (7) days of the Court entering this Order on the docket, Defendants shall provide the Settlement Administrator with a list identifying the Named Plaintiff, Opt-in Plaintiffs, and Class Members by name and social security number. Based on the spreadsheet Defendants provided to Class Counsel on June 26, 2019, Class Counsel will provide the Settlement Administrator with a list identifying the Named Plaintiff, Opt-in Plaintiffs, and Class Members by name, phone number, and last-known mailing address. Defendants will assist

Class Counsel in providing telephone numbers and last known addresses for Class Members to the Settlement Administrator on an as-needed basis.

    b. Within fourteen (14) days after receipt of the lists identified above, the Settlement Administrator shall mail a Class Notice to the Named Plaintiff, Opt-in Plaintiffs, and Class Members in accordance with Section IV.13.b.2 of the Settlement Agreement.

  10. No later than twenty-one (21) days of the Court entering this Order on the docket, Class Counsel shall file a Petition for Attorneys' Fees and Litigation Expenses.

  11. Within sixty (60) days of the initial mailing of the Class Notice, Opt-in Plaintiffs and Class Members objecting to the terms of the Settlement must submit a written statement objecting to the Settlement, and it must be sent to the Clerk of the Court and the Settlement Administrator, postmarked no later than sixty (60) days after the date the Class Notice is first mailed by the Settlement Administrator.

  12. Within sixty (60) days of the initial mailing of the Class Notice, Opt-in Plaintiffs and Class Members who wish to exclude themselves from all or a portion of the Settlement must submit a written request for exclusion to the Settlement Administrator. Such written request must contain the full name, address, telephone number, and the last four digits of the Social Security number of tax identification number the Opt-in Plaintiff or Class Member used when working for Defendants, and must be returned by mail to the Settlement Administrator, postmarked no later than sixty (60) days after the date the Class Notice is first mailed by the Settlement Administrator. No later than ten (10) days after the objection and exclusion deadline, the Settlement Administrator shall furnish to Class Counsel and Defendants' Counsel a complete list of all Opt-in Plaintiffs and Class Members who have timely excluded themselves from all or part of the Settlement.

13. A Final Approval Hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on January 24, 2020, at 9:30 a.m., in Room 2541 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court. The Court will also hear at that time any objections submitted by Opt-in Plaintiffs or Class Members. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for a Service Awards to be made to the Named Plaintiff and certain Opt-in Plaintiffs.

14. Any Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her choice. Any Class Member who does not enter an appearance or exclude himself or herself from the Settlement will be represented by Class Counsel.

15. Any Opt-in Plaintiff or Class Member may appear at the Final Approval Hearing and show cause, if any, why: (1) the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why attorneys' fees should or should not be awarded to Class Counsel; and/or (4) why the Named Plaintiff and Opt-in Plaintiffs who provided initial disclosures and gave declarations in support of Plaintiff's Motion for Class Certification should or should not receive extra compensation in the form of Service Awards. The Court will consider and rule upon all timely objections at the Final Approval Hearing.

16. As provided for in the Settlement Agreement, if the Court does not grant final approval of the proposed Settlement as set forth in the Settlement Agreement, then the Settlement

Agreement shall be null and void, and the funds to be awarded under the Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Settlement Agreement, and the Litigation shall proceed without prejudice to any party.

17. All papers in support of Final Approval of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

18. At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for Service Awards and attorneys' fees and costs shall be approved.

19. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Opt-in Plaintiffs and Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

DATED: October 1, 2019

_____
REBECCA R. PALLMEYER
United States District Judge